ANMARK ENTERPRISES, INC., Appellant, *v.* FRANK ZIMRING, Respondent, et al., Undertenant.

ANMARK ENTERPRISES, INC., Appellant, *v.* ABRAHAM FELDMAN, Respondent, et al., Undertenant.

ANMARK ENTERPRISES, INC., Appellant, *v.* ARMAND CALDORA, Respondent, et al., Undertenant.

First Department, December 20, 1955.

2

*Barnett Dornbush* of counsel (*Weisman, Celler, Allan, Spett & Sheinberg,* attorneys), for appellant.

*Milton Lerner* for Frank Zimring and another, respondents; *Jay J. Lehrman* for Armand Caldora, respondent.

*Per Curiam.* Landlord in this proceeding seeks to recover the possession of business space, consisting of the upper floors of a building, for the purpose of permanently closing down the entire building other than the ground or street floor. The basis for the application is a contention that the expense of operation of the described space exceeds the total income therefrom. Landlord contends that it is entitled to recover space which cannot be economically operated, even in the absence of any provision for such recovery under the Business Rent Law (L. 1945, ch. 314, as amd.), on the basis of constitutional principles protecting against confiscation of property.

We must take note of the fact that there is no provision in the Business Rent Law corresponding to the provision in the State Residential Rent Law (L. 1946, ch. 274, as amd.) for withdrawal of accommodations from the rental market. Whether this is an intentional deviation or an oversight on the part of the Legislature, we do not know. We are not required in this case, however, to do what the landlord would have us do, and declare and apply constitutional principles outside of the letter of the law. The constitutional issue is not tendered because landlord does not claim that the operation of the building as a whole is uneconomical, nor does it seek to close down the entire building. Rather it is only a withdrawal of part of the building from the rental market and a partial closing which landlord seeks, retaining in operation that part of the building which is apparently profitable.

Whatever rights we might read into the statute or whatever rights we might recognize outside of the statute, we perceive no right of a landlord to sever space within a building and treat the several parts as economically separate and seek a partial withdrawal.

The determination of the Appellate Term should be affirmed, with costs to respondents.

PECK, P. J., BREITEL, BASTOW and Cox, JJ., concur.

Determination unanimously affirmed, with costs.